IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHELLE L. GANUS, etc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. A. NO. 23-0103-TFM-MU |
| ) | |
| ALABAMA & GULF COAST ) | |
| RAILWAY, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

On March 31, 2023, Defendant Alabama & Gulf Coast Railway, LLC ("AGR") filed a Motion to Dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 4). This motion has been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72. In its motion, AGR argues that Plaintiff's complaint fails to state a claim against it. This issue has been fully briefed by both parties. (Docs. 4, 11, 12, 21). For the reasons set forth below, the undersigned Magistrate Judge **RECOMMENDS** that Defendant AGR's motion to dismiss be **DENIED.**

## I. Factual Allegations

On February 23, 2023, Plaintiff Michelle L. Ganus, as Personal Representative of the Estate of Michael Fisher Ganus, filed a complaint in the Circuit Court of Mobile County, Alabama, against Defendant AGR and Fictitious Defendants A-Z. (Doc. 1-1 at p. 7). The action was removed to this Court by AGR on March 27, 2023. (Doc. 1). In her complaint, Plaintiff sets forth the following factual allegations: On February 25, 2020, Michael Fisher Ganus ("Ganus") was an employee of Harbor Rail Services of California,

Inc. ("Harbor Rail"). (Doc. 1-1 at p. 9; PageID. 20). Harbor Rail was hired by AGR to provide specialized services for railroad transportation, including, but not limited to servicing, routine repairing, and maintaining rail cars owned and operated by AGR. (*Id.*). Ganus worked on a crew that repaired AGR's rail cars and loaded/unloaded cross ties at AGR's direction. (*Id.*). Plaintiff alleges that AGR directed, supervised, ordered, and controlled Ganus in the performance of his duties. (*Id.*).

On February 25, 2020, Ganus was under the direction and/or supervision of AGR and was part of a groundcrew directed to operate a lift and unload crossties and to repair a rail car's truck set at or near AGR's railroad property located at 701 Telegraph Road in Mobile, Alabama. (*Id.*). To perform the tasks assigned by AGR, the groundcrew had to use a powered industrial truck with a heavy forklift boom attachment. (*Id.*). The safety chain/hook of the boom attachment needed to be secured using a safety hook with a safety latch (or other securing device) attached back to the safety chain. (Doc. 1-1 at pp. 9-10; PageID. 20-21). On this date, the safety chain/hook of the boom attachment was missing the required safety latch or other securing device, and the forklift boom attachment was not approved for use in conjunction with the industrial truck which was being used. (Doc. 1-1 at p. 10; PageID. 21). During the repairs, the groundcrew worked at, near, and under the truck with the forklift boom attachment. (*Id.*). Due to the missing safety feature, the forklift boom attachment came off the truck and fatally struck Ganus in the chest. (*Id.*).

Both before and at the time of Ganus's death, AGR and Harbor Rail failed to implement adequate training and safety procedures in connection with the use of the industrial truck and boom lift attachment. (*Id.*).

## II. Standard of Review

Defendant AGR submits that Plaintiff's claims against it are due to be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because Plaintiff has failed to state a claim against it upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. A complaint is also "subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim,'" *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003)), or "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

In determining whether a claim is stated, the court "must accept the factual allegations in a complaint as true and construe them in the light most favorable to the plaintiff." *Almanza v. United Airlines, Inc.,* 851 F.3d 1060, 1066 (11th Cir. 2017). However, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011). While the court must usually limit its review and consideration to the complaint itself and exhibits attached thereto, a "court may consider an extrinsic document if it is (1) central

to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC,* 600 F.3d 1334, 1337 (11th Cir. 2010).

### III.  Legal Analysis

Plaintiff has sued AGR under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.* (Doc. 1-1 at pp. 12-13; PageID. 23-24). Pursuant to the FELA, "a covered railroad is liable for negligently causing the injury or death of any person 'while he is employed' by the railroad." *DeShong v. Seaboard Coast Line R. Co.*, 737 F.2d 1520, 1521 (11th Cir. 1984) (citing 45 U.S.C. § 51 (1980)). In *Kelley v. Southern Pacific Co.,* 419 U.S. 318 (1978), the Supreme Court held that a plaintiff can establish "employment" with a railroad company as required by the FELA by showing that he was a borrowed servant, dual servant, or a sub-servant of a company that was a servant of the railroad at the time of injury. *Id.* at 324 (*cited with approval in DeShong*, 737 F. 2d at 1522-23). AGR asserts that the instant complaint fails to state a claim against it because Plaintiff's claim that Ganus was an employee, borrowed servant, or dual servant of AGR or a sub-servant of a company which was a servant of AGR lacks facial plausibility. Thus, the issue here is whether Plaintiff has plead factual content that allows this Court to draw the reasonable inference that Ganus was an employee, borrowed servant, or dual servant of AGR or a sub-servant of a company which was a servant of AGR.

Having reviewed the allegations of the complaint, the Court finds that Plaintiff has met this pleading burden. Plaintiff has alleged that Ganus was an employee of Harbor Rail, and that Harbor Rail was hired by AGR to provide specialized services for railroad transportation, including, but not limited to servicing, routine repairing, and maintaining

rail cars owned and operated by AGR. (Doc. 1-1 at p. 9; PageID. 20). Plaintiff further alleged that Ganus worked on a crew that repaired AGR's rail cars and loaded/unloaded cross ties at AGR's direction. (*Id.*). Plaintiff asserts that AGR directed, supervised, ordered, and controlled Ganus in the performance of his duties. (*Id.*). Plaintiff specifically alleges that, on February 25, 2020, Ganus was under the direction and/or supervision of AGR and was part of a groundcrew directed to operate a lift and unload crossties and to repair a rail car's truck set at or near AGR's railroad property located at 701 Telegraph Road in Mobile, Alabama when he suffered an injury that resulted in his death. (*Id.*).

Based on its review of the complaint, the Court finds that Plaintiff has offered factual support for her contention that Ganus was an employee, borrowed servant, or dual servant of AGR or a sub-servant of a company which was a servant of AGR. The factual allegations, accepted as true, clearly state a claim that is plausible on its face and are sufficient to put AGR on notice of the basis of the claim being asserted against it.[1]

## **CONCLUSION**

For the reasons stated above, the Court finds that the complaint, when viewed in the light most favorable to Plaintiff, sets forth sufficient factual allegations, if taken as

---

[1] The parties have offered extrinsic evidence to support their contentions regarding Ganus's employment status; however, the Court declines to consider that evidence at this stage of the proceedings prior to discovery. Accordingly, Plaintiff's Notice of Filing and Request for the Court to take Judicial Notice (Doc. 26) is hereby **DENIED.** In addition, because the Court has not considered Plaintiff's Surreply (Doc. 21), Defendant's Renewed Motion for Leave to File a Response to Plaintiff's Surreply and Notice of Filing (Doc. 27) is **DENIED**.

true, to state a claim under the FELA against AGR. Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the motion to dismiss filed by Defendant Alabama & Gulf Coast Railway, LLC be **DENIED.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **6th day February, 2024**.

s/P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE