# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHELLE L. GANUS, as Personal Representative of the Estate of Michael Fisher Ganus, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIV. ACT. NO. 1:23-cv-103-TFM-MU<br>) |
| ALABAMA & GULF COAST RAILWAY, LLC, | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION AND ORDER

On November 4, 2024, the Magistrate Judge entered a report and recommendation which addresses the Plaintiff's efforts to depose non-party witness Keith Weaver. *See* Doc. 112. In his Report and Recommendation ("R&R"), the Magistrate Judge recommended that this Court do the following:

(1)　non-party witness Keith Weaver be ORDERED to appear before the undersigned and show cause why he should not be held in civil contempt of court for willfully violating the undersigned Magistrate Judge's Orders;

(2)　that Plaintiff's Motion for Order Holding Keith Weaver in Contempt (Doc. 84) be GRANTED;

(3)　that Keith Weaver be found to be in contempt of Court; and

(4)　that Weaver be sanctioned for civil contempt by issuance of a warrant for his arrest and that he be incarcerated until such time as he purges his contempt by appearing for his deposition.

*Id*. at 6-7. Neither party nor Keith Weaver filed any objections to the R&R within the required

timeframe. The Court issued a preliminary Memorandum Opinion and Order adopting the portion of the Report and Recommendation in that the Court scheduled a show cause hearing regarding whether Keith Weaver should be held in civil contempt for the following: failing to obey the August 30, 2024 subpoena, served on September 3, 2024 requiring him to appear on September 10, 2024 and give testimony in this matter and for failing to obey Magistrate Judge Murray's September 23, 2024 Order granting the motion to compel his deposition (Doc. 80), failing to obey Magistrate Judge Murray's October 1, 2024 Order (Doc. 90) that Keith Weaver appear for the October 17, 2024 hearing on his failure to comply with and obey the lawful orders, and his failure to appear for the October 17, 2024 hearing on initial contempt proceedings. *See* Doc. 125.

The Court convened the hearing on today's date and Keith Weaver, despite very clear instructions about what would happen if he failed to appear, still did not attend. The record shows that Mr. Weaver was sent a copy of the Court's order by regular mail and by UPS 2-day delivery. *Id*. Therefore, the Court proceeded to take live testimony regarding Keith Weaver's continued refusal to comply with the lawful subpoenas and orders of this Court. The Court further orally ordered that a writ of bodily attachment would issue for Mr. Weaver. This order provides the Court's findings and conclusions.

### I.   STANDARD OF REVIEW

"[C]ivil contempt proceeding[s are] brought to enforce a court order that requires [a party] to act in some defined manner." *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (quoting *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990)). "A finding of civil contempt — willful disregard of the authority of the court — must be supported by clear and convincing evidence." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002) (citing *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000)). "The clear and convincing evidence must establish that:

(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id.* (citations omitted).

## II. DISCUSSION AND ANALYSIS

"The duty of the magistrate [judge] under this subsection is simply to investigate whether further contempt proceedings are warranted, not to issue a contempt order." *Church v. Steller*, 35 F. Supp. 2d 215, 217 (N.D.N.Y 1999) (citing *Proctor v. State Gov't of N.C.*, 830 F.2d 514, 521 (4th Cir. 1987)) *see also United States v. Pierre*, 2007 U.S. Dist. LEXIS 102064, 2007 WL 5268245, at *1-2 (S.D. Fla. March 21, 2007) (district judge issuing contempt order after adopting magistrate judge's Report and Recommendation and Certification of Facts Constituting Contempt). Rather, "[w]hether the conduct of a party constitutes contempt and any sanctions therefor are committed to the discretion of the district court." *Church*, 35 F. Supp. 2d at 217. "However, upon certification a magistrate judge may recommend that certain sanctions be imposed by the district court upon a finding of contempt." *Id.*; *see also Smoliak*, 2006 U.S. Dist. LEXIS 20995, 2006 WL 1029643, at *3-4 (recommending sanctions be imposed if district court makes contempt finding). Put another way:

> Although a magistrate judge may conduct a hearing as part of the certification process, "the magistrate judge functions only to certify the facts and not to issue an order of contempt." *Daniel & Max LLC v. BAB Holding Co., LLC*, Civ. No. 19-173 GJF/GBW, 2022 U.S. Dist. LEXIS 137, 2022 WL 19191, at *2 (D. N.M. Jan. 3, 2022) (quotation omitted). A certification of facts "shows that sufficient evidence exists to establish a prima facie case of contempt," but a magistrate judge "may decline to certify the facts where [he] is not satisfied that such contempt falls within one of the enumerated categories of § 636(e)(6)(B)." *GWACS Amory, LLC v. KE Arms, LLC*, Case No. 20-cv-00341-CVE-SH, 2022 WL 2257043, at *3 (N.D. Okla. June 23, 2022) (citations omitted).

*Rare Breed Triggers, LLC v. Graves*, Civ. Act. No. 22-cv-107, 2024 U.S. Dist. LEXIS 204431, 2024 WL 4697728 (N.D. Okla. Aug. 5, 2024). "The certificate of facts forwarded by the magistrate to the district court shall be considered the statement of a prima facie case." *Taberer*

*v. Armstrong World Indus., Inc.*, 953 F.2d 888, 907 (3d Cir. 1992). Then the district court must conduct a de novo hearing at which the issues of fact and credibility are determined. *Jones v. Police Sergeant James Milana*, Civ. Act. No. 5:20-cv-340, 2024 U.S. Dist. LEXIS 188518, 2024 WL 4501011 (N.D.N.Y. Oct. 16, 2024).

"Civil contempt proceedings are brought to enforce a court order that requires a party to act in some defined manner." *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (quoting *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990) (modifications omitted)). "A finding of civil contempt — willful disregard of the authority of the court — must be supported by clear and convincing evidence." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002) (citing *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000)). "The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id.* (citations omitted). In *Turner v. Rogers*, 564 U.S. 431 (2011), the Court recognized that civil contempt differs from criminal contempt "in that it seeks only to coerce the defendant to do what the court has previously ordered him to do." *Id.* at 441 (citation omitted). In other words, a civil contempt defendant "carries the keys of his prison in his own pocket," because he is purged of contempt once he complies with the underlying order. *Id.*

The Court now adopts the remainder of the Report and Recommendation and adopts the following certified facts as its own after consideration of the evidence on the record and the sworn testimony by Plaintiff's counsel:

> Plaintiff's decedent son, Michael Fisher Ganus, was killed in an on-the-job accident involving a forklift being operated by a co-worker, Keith Weaver. (Doc. 1-1; Doc. 76; PageID. 20-21, 452). Plaintiff had Weaver personally served with a deposition subpoena by process server on September 3, 2024. (Doc. 76-1). The process server stated that she delivered the subpoena to a person who identified himself as Keith Weaver. (*Id.*; PageID. 456). Weaver failed to appear for his deposition on

September 10, 2024. (Doc. 76-2; PageID. 463-66). Weaver did not file a motion to quash the deposition, raise any objection to the deposition, or attempt to communicate with Plaintiff's counsel. (Doc. 76; PageID. 452). Therefore, Plaintiff filed a motion to compel Weaver's deposition on September 11, 2024. (Doc. 76).

Plaintiff served her motion to compel on Weaver by sending it via USPS to his last known address, 6100 Vergos Dr. N., Eight Mile, Alabama 36613. (Doc. 76; PageID. 454). On September 12, 2024, the Court issued a response order setting a deadline for filing any objection or response to the motion for September 19, 2024. (Doc. 77). The clerk of Court mailed a copy of this order to Keith Weaver at his last known address on September 13, 2024. Weaver filed no response or objection to Plaintiff's motion to compel. (See Docket Sheet). Because it was undisputed that Weaver failed to comply with the non-party subpoena issued by Plaintiff, the Court granted Plaintiff's motion to compel and ordered Weaver to appear in Room 110 of the United States District Court for the Southern District of Alabama on September 27, 2024 at 10:00 a.m. for his deposition. (Doc. 80; PageID. 510). In its order, the Court warned Weaver that if he failed to appear for his deposition and, thereby, failed to comply with the Court's order, he could be held in contempt of the United States District Court for the Southern District of Alabama and sanctioned therefor in an appropriate manner. (Id.).

Plaintiff was directed to serve copies of the Order compelling Weaver's deposition on him by first class mail and via process server at his last known address within three business days of the date of the order and to file proof of service immediately thereafter. (*Id.*). On September 24, 2024, Plaintiff's process server served of copy of the Order at Weaver's residence located at 6100 Vergos Dr. N., Eight Mile, Alabama 36613 by leaving a copy of the Order with Lilian Weaver, who on information and belief is Weaver's spouse. (Doc. 82-1; PageID. 538). On September 23, 2024, Plaintiff's counsel mailed a copy of the Order to Weaver's residence via U.S. first class mail and, on September 24, 2024, Plaintiff's counsel also mailed a copy of the order to Weaver's residence via U.S. certified mail. (Doc. 82; Doc. 82-2; PageID. 536, 539).

Weaver did not appear at the courthouse on September 27, 2024 for his deposition, nor did he file a motion to quash the deposition or any objection to the deposition. (Doc. 89; Docket Sheet). Weaver did not and has not communicated with the Court or the parties concerning his deposition. Weaver failed to appear even though he was warned that if he failed to appear for his deposition and, thereby, failed to comply with this Court's Order, he could be held in contempt of this Court and sanctioned appropriately. (*Id.* at p. 2).

Plaintiff filed the instant motion for an order holding Weaver in contempt on September 27, 2024. (Doc. 84). In her motion, Plaintiff requests "that the Court enter an order directing the Clerk of Court to issue a Writ of Body Attachment for the U.S. Marshals to arrest Mr. Weaver so that he can be deposed by Plaintiff's counsel." (Id.; PageID. 546). Plaintiff also seeks reasonable expenses and

attorney's fees incurred in the depositions for which he did not appear, motion practice connected to his deposition, and serving Weaver with court documents. (*Id.*). Plaintiff's motion to hold Weaver in contempt was set for a show cause evidentiary hearing before United States Magistrate Judge P. Bradley Murray on October 17, 2024. (Doc. 90; PageID. 571-72). Weaver was advised by written order that the Court would take testimony from him and counsel for Plaintiff, as well as any other witnesses he or the parties wished to call, to determine whether Weaver should be held in civil contempt of court. (Id.). Weaver was specifically ordered to appear and to show cause why he should not be found in contempt of court for his failure to comply with this Court's orders and to show cause why the Court should not order appropriate sanctions be assessed against him. (Id.). He was warned that if he was found to be in civil contempt of court, these sanctions could include, but would not be limited to, 1) the assessment of considerable sums of money against Weaver in the form of a daily fine, a compensatory fine, and attorney's fees and expenses that were incurred because of his failure to comply with the initial deposition notice and the Court's order to appear for his deposition and 2) coercive incarceration; that is, the issuance of an arrest warrant and incarceration until he complied with the order to sit for his deposition. *See Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (cited in *Mesa v. Luis Garcia Land Service, Co*., 218 F. Supp. 3d 1375, 1380 (S.D. Fla. 2016)). (*Id.*). Moreover, Weaver was specifically told that if he failed to appear for the hearing on October 17, 2024, he would be held in civil contempt of court and sanctions would issue. (*Id.*).

Plaintiff's counsel was directed to personally serve and to mail by certified mail a copy of the Court's show cause Order to Weaver on or before October 8, 2024. (*Id.*). The Clerk of Court was also directed to mail a copy of the Order by first class to Keith Weaver at 6100 Vergos N. Drive, Eight Mile, Alabama 36613-3016. (Id.; PageID. 572-73). On October 2, 2024, Plaintiff's counsel mailed a copy of the Order to Weaver at his Vergos Drive residence via U.S. certified mail. (Doc. 94; PageID. 580). The USPS tracking reflects that the Order was delivered to his residence on October 4, 2024. (*Id.*; PageID. 581). On October 3, 2024, Plaintiff's process server served a copy of the Order at Weaver's Vergos Drive residence and Lilian Weaver accepted service. (Doc. 94-1; PageID. 582). The Clerk of Court mailed a copy of the Order to Weaver at the Vergos Drive address on October 2, 2024.

Keith Weaver did not appear at the October 17, 2024 show cause hearing.

*See* Doc. 112 at 3-6, PageID. 657-660. In addition, the Court also finds the following additional facts:

(1) The Court scheduled a civil contempt hearing on January 16, 2024 at 1:30 pm. *See* Doc. 125. The order was sent by regular mail via the United States Postal Service

    which was not returned as undeliverable. The order as also sent by UPS 2-day delivery, tracking #1Z3388764195833373, which was shown as delivered on December 21, 2024. *See id.*

(2)  The Court convened the hearing after waiting an additional ten (10) minutes to ensure Mr. Weaver had adequate time to arrive. Mr. Weaver did not appear at the January 16, 2024 hearing.

  The Court proceeded with taking the sworn live testimony regarding the subpoena and the facts as noted above. The Court finds by clear and convincing evidence that: (1) the allegedly violated subpoena and court orders were valid and lawful; (2) the subpoena and orders were clear and unambiguous; and (3) Mr. Keith had the ability to comply with the order. In fact, the Court was quite clear on what would happen if Mr. Keith did not attend the January 16, 2024 hearing.

  Therefore, the Court finds that Mr. Keith is **HELD IN CIVIL CONTEMPT** for his failure to sit for a deposition in this case.

### III. WRIT OF BODILY ATTACHMENT

  Consequently, the Clerk of Court is **DIRECTED** to issue a Writ of Bodily Attachment for Keith Weaver.

  The United States Marshals Service ("USMS") is **DIRECTED** to locate Keith Weaver and take him into custody pursuant to the Writ of Bodily Attachment and bring him before the Court for further proceedings. While this is not a criminal process, for all intents and purposes it is effectuated like an arrest. The USMS shall maintain physical custody of Keith Weaver until further instructions by the Court.

  The Federal Rules of Civil Procedure provide that "[a]n order committing a person for civil contempt of a decree or injunction issued to enforce federal law may be served and enforced in

any district.  Any other order in a civil-contempt proceeding may be served only in the state where the issuing court is located or elsewhere in the United States within 100 miles from where the order was issued." FED. R. CIV. P. 4.1(b) (emphasis added).

In this case, while the case was originally removed from Alabama state court, Plaintiff sued the Defendant under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq*. Pursuant to the FELA, "a covered railroad is liable for negligently causing the injury or death of any person 'while he is employed' by the railroad." *DeShong v. Seaboard Coast Line R. Co.*, 737 F.2d 1520, 1521 (11th Cir. 1984) (citing 45 U.S.C. § 51 (1980)).  *See, e.g., SEC v. Res. Dev. Int'l L.L.C.*, 86 F. App'x 14 (5th Cir. 2003) (upholding petitioners' incarcerations for civil contempt because the case involved alleged violations of federal securities laws and, thus, contempt orders could be properly served in any district); *SEC v. Bilzerian*, 131 F. Supp. 2d 10 (D.D.C. 2001) (ordering incarceration of defendant in Florida due to his failure to comply with temporary purgation requirements); *Gaulden v. City of Desloge*, Civ. Act. No. 4:07-cv-1637, 2009 U.S. Dist. LEXIS 19912 (E.D. Mo. Mar. 12, 2009) (stating that party in contempt of an order in a 42 U.S.C. § 1983 case could be seized by the United States Marshals Office in any district because the case arose under federal law); *cf. Spectacular Venture L.P. v. World Star Int'l, Inc.*, Civ. Act. No. 94cv8917, 1998 U.S. Dist. LEXIS 10865, 1998 WL 401535 (S.D.N.Y. July 17, 1998) (finding that court is unable arrest defendant for civil contempt because the case was based on diversity jurisdiction, not federal law, and defendant was located outside the jurisdiction of the court).

Keith Weaver resides in the state of Alabama therefore jurisdictional limits should not matter in this case.  And while this case was initially brought in Alabama state court, the Complaint notes that the state court had concurrent jurisdiction for suits filed under FELA.  *See* Doc. 1-1 at 9.  As federal law is implicated through FELA, the Court finds that the writ of bodily attachment

may be served and enforced in any district.

### IV. CONCLUSION

Accordingly, having reviewed the Report and Recommendation of the Magistrate Judge and having conducted a contempt hearing on the matter, the Report and Recommendation (Doc. 112) is now **ADOPTED** in full, the *Motion for Order Holding Keith Weaver in Contempt* (Doc. 84, filed 9/27/24) is **GRANTED**, and the Court finds that Keith Weaver is in **CIVIL CONTEMPT**. A Writ of Bodily Attachment is issued and the USMS shall effectuate taking Keith Weaver into custody to bring him before the Court for further proceedings.

The Court provisionally[1] appoints counsel for Keith Weaver for the limited purposes of these contempt proceedings as Keith Weaver shall be maintained in USMS custody until he takes actions necessary to purge himself of the contempt – i.e. he sits for a deposition in accordance with the previously issued subpoenas and Court orders.

The contempt proceeding shall remain **OPEN** pending the USMS effectuating the arrest under the writ of bodily attachment. The Court provisionally appoints counsel for Keith Weaver for the limited purposes of these contempt proceedings as Keith Weaver shall be maintained in USMS custody until he takes actions necessary to purge himself of the contempt – i.e. he sits for a deposition in accordance with the previously issued subpoenas and Court orders.

The Court further holds in abeyance any further determinations regarding any other

---

[1] Keith Weaver will need to complete the normal form regarding financial eligibility once he is brought before the Court in order to justify a judicial finding of financial eligibility of the appointment of counsel at no expense. Otherwise, Keith Weaver is also free to retain counsel of his own choice should he not qualify for the appointment of counsel.

The next counsel available through the Court's CJA appointment process is Maxine Walters. The Clerk of Court shall provide her a copy of this order as well as the Report and Recommendation (Doc. 122) and the previously entered Memorandum Opinion and Order (Doc. 125).

sanction the Court may find appropriate to include the possibility of reasonable expenses and attorneys' fees.

      **DONE** and **ORDERED** this 16th day of January, 2025.

                                       /s/Terry F. Moorer
                                       TERRY F. MOORER
                                       UNITED STATES DISTRICT JUDGE